```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

OLUFUNMILAYO SONUYI,

       Plaintiff,

       v.                           CIVIL ACTION NO.
                                       18-12004-WGY

BEACON RESIDENTIAL MANAGEMENT,
et al.,

       Defendants.

MEMORANDUM AND ORDER

YOUNG, D.J.                                         January 23, 2019

    Pro se litigant Olufunmilayo Sonuyi brings this action in which she alleges that she is being wrongfully evicted from her home. She names Beacon Residential Management, its attorney, and the property manager as defendants. Upon review of the complaint, the proposed amended complaint, and the docket of her state court action, the Court concludes that it must dismiss this action for lack of subject matter jurisdiction.

**I.   Background**

    According to the state court dockets of Beacon Residential Mgmt. v. Sonuyi, 11H84SP00687 (Mass. E. Hous. Ct.), 2019-J-0002 (Mass. App. Ct.),[1] in February 2011, Beacon Residential

---

[1] The trial and appeals court dockets are available through https://www.masscourts.org/eservices/home.page.10 and http://ma-appellatecourts.org/index.php (last visited Jan. 18, 2019). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those

Management commenced a summary process action against Plaintiff. The parties entered into agreements for judgment in March 2011, November 2017, and October 2018. On January 3, 2019, Plaintiff filed a motion to stay in the Massachusetts Appeals Court. The single justice denied the motion on January 14, 2019, indicating that the parties had agreed that execution of the judgment of possession would issue on February 1, 2019 and that Plaintiff had waived all appeals and further stays:

> The parties entered into multiple agreements for judgment. The agreement entered by the parties on 11/30/17 expressly provided for entry of the summary process judgment for the plaintiff for possession as of that date. On 10/11/18, the parties entered into a further agreement for judgment, approved by a judge, and in which defendant agreed to vacate voluntarily on 1/31/19, with execution to issue on 2/1/19. Defendant also agreed to waive all appeals and further stays, expressly agreeing that in no event would the stay be extended beyond 2/1/19. After review of defendant's motion for stay, the trial court docket, the parties' agreements for judgment, and plaintiff's opposition to the motion for stay, the motion is denied.

Beacon Residential Mgmt. v. Sonuyi, 2019-J-0002 (Mass. App. Ct. Jan. 14, 2019).

---

proceedings have relevance to the matters at hand." Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)).

**II. Discussion**

A court has an obligation to inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

Section 1257 of Title 28 of the United States Code provides that final judgments rendered by the highest court of a state may be reviewed by the United States Supreme Court if the judgment raises a question of federal law. See 28 U.S.C. § 1257 ("§ 1257"). The Supreme Court of the United States has held that, in enacting this statute, Congress granted jurisdiction to review a state court decision only to the Supreme Court—not to the lower federal courts. See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Thus, under this doctrine, referred to as the Rooker-Feldman doctrine, a federal district court cannot exercise subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291.

Here, Plaintiff is essentially asking this Court to review and reject the judgments of the state court. However, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to do so.

3

In other words, Plaintiff cannot pursue a de facto appeal of the state housing court's decision in this Court.[2]

**III. Conclusion**

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  The motion for leave to proceed in forma pauperis shall be terminated as moot.

SO ORDERED.

                                      /s/ William G. Young
                                      WILLIAM G. YOUNG
                                      UNITED STATES DISTRICT JUDGE

---

[2] To the extent that, at the time Plaintiff commenced this action, there was no "final judgment" for purposes of the application of the Rooker-Feldman doctrine, the Court would abstain from exercising jurisdiction based on Younger abstention. "Based on principles of comity, the [Younger] doctrine instructs that, unless there are extraordinary circumstances, federal courts should not 'interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.'"  Verizon New England, Inc. v. Rhode Island Dep't of Labor & Training, 723 F.3d 113, 116 (1st Cir. 2013) (quoting Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007)).